UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| HANSPETER A. WALDER, | ) | CASE NO. 4:08 CV2376 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNITED STATES, et al., | ) | |
| | ) | |
| Respondents. | ) | |

        Pro se petitioner Hanspeter Walder filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Walder, who is incarcerated at the Northeast Ohio Correctional Center (N.E.O.C.C.) in Youngstown, Ohio, names Warden T.R. Sniezek at the Federal Satellite Location in Elkton, Ohio ("FSL Elkton"); Unit Managers Fekete, Groth, and Delgado; Case Manager Wilczak, and Warden Gunja at N.E.O.C.C. Youngstown, Ohio, as respondents. Petitioner asserts that the respondents have unilaterally breached an implied contract to properly calculate the amount of pre-custody credit to which he claims he is entitled. He seeks immediate release.

*Background*

        Mr. Walder was indicted in the United States District Court for the Southern District of New York and charged with embezzlement in violation of 18 U.S.C. §§ 656 & 2. The court

sentenced him to 97 months in prison on January 10, 2003. Petitioner was taken into custody by the United States Marshals and incarcerated at FSL Elkton.

During the course of his detention at FSL Elkton, Mr. Walder claims he was routinely advised of "all details of his detention (incl. credit for time served and out-date)" during regular team meetings. (Pet. at 5.) The first "out date" he was quoted was April 9, 2008. His case manager, S. Wilczak, corrected this date, however, after learning Mr. Walder would not be eligible for early release to a half-way house because he is not a citizen of the United States. Mr. Wilczak apologized for the error and advised petitioner that his new out date would be October 9, 2008, "as it was re-verified by the BOP." (Pet. at 5.) The October 9, 2008 "out date . . . [was] confirmed and re-confirmed by the BOP at each 6-mo. Team mtg. with a Program Review Report (P.R.R.) and with, at least, 3 separate Progress Reports (P.R.)" (Pet. at 5.)

Mr. Walder was transferred to N.E.O.C.C. on August 28, 2007. During his first Team Meeting there on September 20, 2007, petitioner learned that his out date would be September 25, 2009. When he inquired about the change, he was advised to contact the records department.

On the same date of his meeting, Mr. Walder submitted an Inmate Request Form to the Records Department. He explained that there was a discrepancy between the release date on his SENTRY-generated records at FSL Elkton and the release date shown on his Sentence Monitoring Computation Sheet at N.E.O.C.C.[1] He believed the problem stemmed from the date on which the prison computed the beginning of his sentence. Petitioner opined that the date on which he sentence began should start from September 24, 2001, the date on which he was arrested. Mr. Walder added

---

[1] Petitioner describes SENTRY as a "computer generated program for all pertinent data for inmates." (Pet. at 5.)

2

that he spent four months at MDC-Brooklyn after his arrest and was released to home confinement with electronic monitoring in January 2002. He remained on home confinement until his sentence was imposed in January 2003. The records supervisor, P. Branaman, responded and advised Mr. Walder that any credit previously awarded for home detention was "in error." Citing BOP Program Statement 5880.28, Branaman explained that, regardless of how restrictive home confinement may be, the Supreme Court in Reno v. Koray, 515 U.S. 50 (1995) clarified that prisoners are not entitled to receive credit towards their prison sentences for time spent in home detention.

Mr. Walder countered that the Koray opinion, P.S. 5880.28 and the prior custody credit statute,18 U.S.C. § 3585(b), were all in effect at the time he was incarcerated at FSL Elkton. As such, he pointed out that a Unit Manager or Chairperson's signature on the SENTRY generated Program Review Report from FSL Elkton indicated that the information was correct. Moreover, he argued that the signature represented a certification that all information contained on the report was complete and accurate, including sentence related transactions. Based on these assertions, Mr. Walder now requests a correction of his "out date" back to October 10, 2008.

*Analysis*

After fully exhausting his administrative remedies, Mr. Walder filed the present petition. He argues that the BOP abdicated its responsibility to provide accurate sentence information when team members of his Program Review certified the accuracy of his October 10, 2008 release date. As such, he alleges the respondents have unilaterally breached an agreement to provide him with accurate sentence computation data. Citing P.S. 5322.12, Mr. Walder believes an "inherent obligation" exists because the "Unit Manager or Chairperson's signature on the SENTRY-generated Program Review Report indicates that: (a) The information contained on the

3

Acknowledgment of Inmate forms (BP407 and 408) is correct, complete, and filed in Section 3 of the Inmate Central File." (Pet.'s Ex. 22a, BOP P.S. 5322.12 of 11/29/06, at 5.)  He notes that he has been a model prisoner since his term of imprisonment commenced and that, while "[t]hat is his responsibility . . . [,he] also expects the same of the BOP + CCA." (Pet. at 9.)  Finally, he cites the Second Edition of American Jurisdiction regarding "Contracts," wherein it identifies that contracts may be express, implied or constructive.  From this he concludes that an implied contract existed between the parties, which respondents unilaterally breached, without legal excuse, by failing to perform a promise to keep accurate sentencing information.

*28 U.S.C. §2241*

The federal habeas statute provides: " The writ of habeas corpus shall not extend to a prisoner unless--(3) He is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c).  From this, courts have uniformly held that claims asserted by federal prisoners seeking to challenge the execution or manner in which their sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977).

Before addressing the merits of Mr. Walder's petition, the court must be able direct the writ "to the person having custody of the person detained." 28 U.S.C. § 2243; see Braden v. 30th Judicial Circuit Ct. of Ky., 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Since petitioner is incarcerated within the geographical reach of this court it has personal jurisdiction over his custodian, Warden Gunja.  See Roman v. Ashcroft, 340 F.3d 314,

4

319 (6th Cir. 2004)(as a general rule, a petitioner should name as a respondent to his habeas corpus petition the individual having day-to-day control over the facility in which petitioner is being detained). Therefore, the court has jurisdiction over this habeas corpus petition because it has personal jurisdiction over the petitioner's custodian. Braden, 410 U.S. at 495.

*Prior Custody Credit*

The relevant facts in this petition are not in dispute.  Mr. Walder does not dispute Koray, 18 U.S.C. § 3585 or BOP PS 5880.28.  He claims, however, he is entitled by implied contract, to be released on the date which FSL Elkton erroneously promised he would released, or October 10, 2008.  This is not relief to which he is entitled under the habeas statute.

Mr. Walder does not allege he is in custody in violation of the Constitution, laws or treaties of the United States. See 28 U.S.C. § 2241(c).  Instead, he asks the court to award him the extraordinary remedy of release before his term of imprisonment has expired.  Even in cases involving a prisoner's successful completion of a drug program pursuant to 18 U.S.C. § 3621(e)(2)(B), the Supreme Court has held that the decision of whether to grant early release is within the discretion of the BOP.  See Lopez v. Davis, 531 U.S. 230, 241 (2001).  Finally, there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. Greenholtz v. Inmates of the Nebraska Penal and Corr. Complex, 442 U.S. 1, 7 (1979). Not only has Mr. Walder failed to assert any basis upon which he would be entitled to habeas relief, he is precluded from arguing a "breach of contract" claim in this context.  See 28 U.S.C. § 2241.

*Conclusion*

Accordingly, the petition for writ of habeas corpus is dismissed pursuant to 28 U.S.C.

5

§ 2243.  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

       IT IS SO ORDERED.

                              */s/Dan Aaron Polster 12/18/08*
                              DAN AARON POLSTER
                              UNITED STATES DISTRICT JUDGE